## JAS. D. RAGSDALE *v.* THE MEMPHIS AND CHARLESTON RAILROAD COMPANY.

RAILROAD. *Master and servant. Right of action for injuries.* A conductor has no right of action against a Railroad Company for injuries received through the negligence and misconduct of the engineer while the latter was subject to the orders of the former, and when the injury accrued during the performance of the duties.

Cases cited: Washburn *v.* N. & C. R. R. Co.; 3 Head, 642; N. & C. R. R. Co. M. & C. R. R. Co. *v.* Carrol, 6 Heisk., 347; Haynes *v.* E. T. & G. R. R. Co., 3 Cold., 222.

### FROM LINCOLN.

Appeal from the Circuit Court. A. S. MARKS, Judge, by interchange with Judge HICKERSON.

KERCHEVAL for Ragsdale.

NEWMAN & ALLEN for the Company.

McFARLAND, J., delivered the opinion of the Court.

The plaintiff was a conductor in the employ of the defendant, and in charge of a construction train running between Dechard and Fayetteville. He had his leg broken by being run over by the cars. He brought this action against the company, charging that the accident occurred from the negligence and misconduct of the engineer in disobeying his directions in regard to running, and in moving the train without his order. The engineer is shown to be subordinate to and subject to the orders of the conductor.

The Circuit Judge instructed the jury that the plaintiff was not entitled to recover upon proof of these allegations.

The verdict and judgment were for the defendant, and the plaintiff has appealed in error.

The principle that the master is not liable for an injury received by one servant through the negligent conduct of a fellow servant while both are acting in the common business of the same master, has been fully recognized in this State. *Washburn* v. *N. & C. R. R. Co.*, 3 Head, 642; 6 Heisk., 347. But this rule has been held not to be applicable where the two servants were employed and acting in separate and distinct departments, having no immediate or necessary connection with each other. See *N. & C. R. R. Co.*

and *M. & C. R. R. Co.* v. *Carrol,* 6 Heisk., 347. And it has also been held, that the rule does not apply when a servant in a subordinate position is injured by the negligence or improper conduct of another servant placed by the master in a superior position over the former, and when such inferior is made subject to the orders of such superior, and where the injury accrues during the performance of their duties. See 3 Cold., 222. Here the position is reversed. It is the superior who claims that he is injured by the negligence or misconduct of the inferior, who was subject to his orders.

We hold, upon the authorities and upon principle, that the action is not maintainable—that there is no error in the charge.

The judgment will be affirmed.